Jennifer SMITH, on behalf of herself and others similarly situated, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

Case No. 13–cv–2018 Consolidated with Case Nos. 13–cv–7389, 13–cv–7149, and 13–cv–6694

United States District Court, N.D. Illinois, Eastern Division.

January 21, 2014

Alexander Holmes Burke, Burke Law Offices, LLC, Chicago, IL, Anthony Paronich, Edward A. Broderick, Broderick Law, P.C., Boston, MA, Matthew McCue, Law Office of Matthew McCue, Natick, MA, for Plaintiff.

James Patrick Gaughan, Jr., Ronald S. Safer, Virginia Ovitz Hancock, Schiff Hardin LLP, Frederick John Sudekum, III, Florence M. Schumacher, Sudekum, Cassidy & Shulruff, Chtd., Martin Wojslaw Jaszczuk, Brian Ignatius Hays, Randall Allan Hack, Katherine Heid Harris, Locke Lord LLP, Cathleen M. Combs, Daniel A. Edelman, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, Abbas Kazerounian, Kazerounian Law Group, APC, Costa Mesa, CA, Christopher N. Stanton, Daniel J. Marovitch Marovitch Law Firm, LLC, Novack And Macey LLP, Dulijaza Clark, James O. Lattur-

ner, Sharon Goott Nissim, Edelman, Combs, Latturner & Goodwin, LLC, Frederick John Sudekum, III, Sudekum, Cassidy & Shulruff, Chtd., James Patrick Gaughan, Jr. Joseph Anthony Cancila, Jr., Schiff Hardin LLP, Katherine Heid Harris, Martin Wojslaw Jaszczuk, Randall Allan Hack, Tamra Jane Miller, Locke Lord LLP, Mark L. Hanover, Dentons US LLP, Chicago, IL, Daniel M. Hutchinson, Lieff Cabraser Heimann & Bernstein, LLP, San Francisco, CA, Douglas I. Cuthbertson, Jonathan D. Selbin, Lieff Cabraser Heimann & Bernstein, LLP, New York, NY, Jason A. Ibey, Kazerouni Law Group, APC, Costa Mesa, CA, Matthew R. Wilson, Meyer Wilson Co. LPA, Columbus, OH, Shannon Z. Petersen, Sheppard Mullin Richter And Hampton, San Diego, CA, Todd M Friedman, Law Offices Of Todd M. Friedman, P.C., Beverly Hills, CA, for Defendant.

## ORDER

AMY J. ST. EVE, United States District Judge

The Court appoints Jonathan Selbin of Lieff, Cabresar, Heimann & Bernstein, LLP as interim lead class counsel and Alexander H. Burke of Burke Law Offices, LLC as interim liaison class counsel. (R. 94.) The Court denies the *Primack* Plaintiffs' motion to appoint Daniel A. Edelman, James O. Latturner, and Julie Clark of Edelman, Combs, Latturner & Goodwin, LLC as interim co-lead class counsel. (R. 97.) Interim class counsel shall file a consolidated amended complaint by February 4, 2014. Defendants shall answer or otherwise plead to the consolidated amended complaint by February 25, 2014. Status hearing set for February 18, 2014 is stricken and reset to March 3, 2014 at 8:30 a.m.

## STATEMENT

These four consolidated actions assert claims for violation of the Telephone Consumer Protection Act ("TCPA") against State Farm Mutual Automobile Company ("State Farm"), several additional insurance companies, and Variable Marketing, LLC, a telemarketing firm: *Smith v. State Farm Mut. Auto Ins., Co.*, No. 1:13–cv–2018 (N.D.Ill.)

(filed on May 15, 2013); *Blotzer v. Instant Ins. Mktg.*, No. 3:13–cv–1797 (S.D.Cal.) (filed on August 1, 2013; transferred to the Northern District of Illinois and consolidated with this action on October 8, 2013); *Primack v. State Farm Mut. Auto. Ins. Co.*, 1:13–cv–6694 (N.D.Ill.) (filed on September 18, 2013; consolidated with this action on October 21, 2013); *Matejovich v. American Auto. Assoc.*, No. 1:13–cv–7149 (N.D.Ill.) (filed on October 4, 2013; consolidated with this action on November 18, 2013).

Before the Court are two motions for the appointment of interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). Counsel for Plaintiffs in the *Smith* and *Matejovich* actions request the appointment of Jonathan Selbin of Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") as interim lead counsel and Alexander H. Burke of Burke Law Offices, LLC as interim liaison counsel. (R. 94, Lieff Cabraser Mot.) The *Primack* Plaintiffs request that the Court also appoint Daniel A. Edelman, James O. Latturner, and Julie Clark of Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") as interim co-lead counsel with respect to claims against State Farm involving "hot transferred" calls. (R. 97, ECLG Resp.) For the following reasons, the Court appoints Jonathan Selbin of Lieff Cabraser as interim lead counsel and Alexander H. Burke of Burke Law Offices as interim liaison counsel.

## BACKGROUND

Plaintiffs collectively have brought four putative class actions against State Farm and other Defendants for allegedly contacting them and potential class members illegally using "automatic telephone dialing system[s]" and "artificial or prerecorded voice[s]" to market insurance services. (*See* R. 53, *Smith* Second Am. Compl. ¶¶ 99–102.) Plaintiff Jennifer Smith filed the first of these nationwide class actions in this Court on May 15, 2013. *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 1:13–cv–2018 (N.D.Ill.). Alexander Burke of Burke Law Offices,

along with Broderick Law, P.C. and the Law Office of Matthew McCue represent Smith in this action.

Five months later, on August 1, 2013, plaintiffs Casey Blotzer, Josh Friedman, and Jillian Green filed a second putative class action against State Farm and another Defendant, Instate Insurance Marketing, in the Southern District of California. *See Blotzer v. Instant Ins. Mktg.*, No. 3:13–cv–1797 (S.D.Cal.). The Honorable John A. Houston of the Southern District of California transferred the *Blotzer* action to the Northern District of Illinois on October 8, 2013. (*See Smith* R. 54–1.) Kazerounian Law Group, APC, Law Offices of Todd M. Friedman, P.C., and Hyde & Swigart represent the *Blotzer* plaintiffs in this action.

On September 18, 2013, Plaintiffs Merrill Primack and Matt Clark filed a third class action against State Farm in this District. *See Primack v. State Farm Mut. Auto. Ins. Co.*, 1:13–cv–6694 (N.D.Ill.). They also named Freddie Villacci, Jr., Freddie Villacci, Jr. Insurance Agency, Inc., and ten Does as Defendants. The Court consolidated *Primack* with this action on October 21, 2013. (*See Smith* R. 58.) ECLG represents the *Primack* Plaintiffs.

On October 4, 2013, Plaintiffs Shawn Matejovich, Chris Stock, Stuart Benson, and Brennan Landy filed a fourth putative class action against State Farm, several other insurance companies—American Automobile Association, Inc. ("AAA"),[1] Farmers Group, Inc., Government Employees Insurance Company ("GEICO"), and National Mutual Insurance Company—and Variable Marketing, LLC. *See Matejovich v. American Auto. Assoc.*, No. 1:13–cv–7149 (N.D.Ill.). The Court consolidated *Matejovich* with this action on November 18, 2013. (*See Smith* R. 82.) Lieff Cabraser and two additional firms, Meyer Wilson Co., LPA and Marovitch Law Firm, LLC, represent the *Matejovich* plaintiffs.

On December 11, 2013, the *Smith* and *Matejovich* plaintiffs moved the Court to ap-

---

1. The *Matejovich* Plaintiffs voluntarily dismissed their claims against AAA without prejudice on November 7, 2013. (*See Matejovich* R. 39.)

point Jonathan Selbin of Lieff Cabraser as interim lead counsel and Alexander H. Burke of Burke Law Office as interim liaison counsel. (R. 94.) The attorneys for all plaintiffs, except the *Primack* Plaintiffs, support these proposed appointments. The *Primack* Plaintiffs filed an opposition and motion for appointment of ECLG as interim co-lead counsel on December 23, 2013. (R. 97.) Although the *Primack* Plaintiffs do not contest Lieff Cabraser's and Burke Law Offices' qualifications to serve as appointed counsel in this matter, they argue that the Court should appoint ECLG as co-lead counsel specifically with respect to claims asserted against State Farm and its agents involving the "hot transfer" of calls. (*See* ECLG Resp. at 2.)

## LEGAL STANDARD

■ Federal Rule of Civil Procedure 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(3). Designation of interim class counsel in consolidated putative class actions helps "clarify[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation ("MCL") § 21.11 (4th ed.2004). A court, in its discretion, may appoint interim liaison counsel to assist interim lead counsel primarily with administrative matters. *See Walker v. Discover Fin. Servs.*, No. 10–cv–6994, 2011 WL 2160889, at *3 (N.D.Ill. May 26, 2011); *see also* MCL § 10.221. Liaison counsel generally assists lead counsel with administrative matters, such as filings, communications with the Court, convening meetings of counsel, assuring compliance with local rules, and attending hearings. *See Walker*, 2011 WL 2160889, at *5; *see also* MCL § 10.221.

■ Before a court may appoint interim class counsel, the court must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *See* Fed.R.Civ.P. 23(g)(2), (4). In doing so, the court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed.R.Civ.P. 23(g)(1)(A), (2). The court, in its discretion, also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(g)(1)(B). "If more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." Fed.R.Civ.P. 23(g)(2).

## ANALYSIS

### I. Rule 23(g)(1)(A) Factors

■ After evaluating the factors set forth in Rule 23(g)(1)(A) and any other pertinent matters in accordance with Rule 23(g)(1)(B), the Court is confident that all proposed counsel—Lieff Cabraser, ECLG, and Burke Law Offices (as liaison counsel)—can and, if appointed, will fairly and adequately represent the interests of the putative class. Lieff Cabraser is a well-respected plaintiffs' firm with a wealth of experience prosecuting nationwide class actions.[2] (*See* R. 94–1, Selbin Decl. ¶¶ 2–10.) Mr. Selbin, in particular, has played an active role in litigating nearly a dozen TCPA class actions and numerous other consumer class actions. (*Id.*) Mr. Selbin currently serves as co-lead counsel in a TCPA class action pending in this District, *In re Capital One Tele. Consumer Prot. Act Litig.*, MDL No. 2416 (N.D.Ill.), and he led the briefing in a Rule 23(f) review before the Seventh Circuit that ultimately resulted in

---

**2.** Lieff Cabraser has served or currently serves as class counsel in the following TCPA class actions, to name a few: *Rose v. Bank of Am. Corp.*, 5:11–cv–02390–EJD (N.D.Cal.); *Arthur v. Sallie Mae, Inc.*, No. c10–1098 JLR (W.D.Wash.); *Steinfeld v.*

*Discover Fin. Servs.*, No. 3:12–cv–01118–JSW (N.D.Cal.); *In re Capital One Tele. Consumer Prot. Act Litig.*, MDL No. 2416 (N.D.Ill.); *Balscmiter v. TD Auto Fin., LLC*, No. 2:13–cv–01186 (E.D.Wis.). (*See* Selbin Decl. ¶ 3.)

the certification of two multistate classes. *See Butler v. Sears,* 702 F.3d 359 (7th Cir. 2012), *vacated,* —— U.S. ——, 133 S.Ct. 2768, 186 L.Ed.2d 215 (2013), *reinstated,*727 F.3d 796 (7th Cir.2013). Accordingly, Mr. Selbin is familiar with the law applicable to TCPA claims and the local rules for the Northern District of Illinois. In this matter, Lieff Cabraser has identified potential claims against various insurance companies and Variable Marketing, investigated the facts surrounding the *Matejovich* plaintiffs' claims, and worked with counsel for the other named plaintiffs to build consensus on the appointment of interim class counsel in these matters. Furthermore, based on Lieff Cabraser's track record and the representations made in its briefs, the Court is satisfied that Lieff Cabraser will commit sufficient attorney time and financial resources to vigorously prosecute the putative class's claims.

█ Proposed liaison counsel, Alexander H. Burke of Burke Law Offices, has served as counsel in several TCPA autodialer actions and other consumer class actions in this District. (*See* 94–2, Burke Decl. ¶ 6; R. 98, Lieff Cabraser Reply at 1 n. 1.) Mr. Burke represents the plaintiff in *Smith,* the first of these consolidated actions to be filed, and he already has devoted significant resources to prosecuting the *Smith* action: he investigated the facts surrounding Ms. Smith's claims, obtained third-party discovery to identify other potential class members (including a list of 46 million automobile insurance telemarketing calls made by Variable Marketing), opposed State Farm's motion to dismiss Smith's amended complaint, and prepared a second amended complaint after the Court dismissed the amended complaint. Of the three law firms seeking appointments here, Mr. Burke appears to have performed the most work identifying and investigating the claims of potential class members thus far. Although Mr. Burke is a solo practitioner, his prosecution of the *Smith* action to date demonstrates that he can fulfill the obligations of liaison counsel and fairly and adequately represent the interests of putative class members.

█ Proposed co-lead counsel, ECLG, is a well-respected plaintiffs' firm in Chicago, and it has vast experience litigating consumer class actions in this District and the Seventh Circuit. Proposed counsel from ECLG— Daniel A. Edelman, James O. Latturner, and Dulijaza (Julie) Clark—have served as class counsel in hundreds of junk fax TCPA cases and several TCPA robocall class actions, including *Soppet v. Enhanced Recovery Co.,* 679 F.3d 637 (7th Cir.2012), *Frydman v. Portfolio Recovery Assocs., LLC,* 11 C 524, 2011 WL 2560221 (N.D.Ill. June 28, 2011), *Vance v. Bureau of Collection Recovery, LLC,* 10 C 6324, 2011 WL 881550 (N.D.Ill. Mar. 11, 2011), *Balbarin v. North Star Capital Acquisition, LLC,* 10 C 1846, 2011 WL 211013 (N.D.Ill. Jan. 21, 2011); and *Scardina v. Midland Credit Mgmt.,* 11 C 3149 (N.D.Ill.). (*See* ECLG Resp. at 7.) Accordingly, ECLG is familiar with the law applicable to TCPA claims and the local rules and practices in this District. Although the *Primack* case is still in the early stages of litigation, ECLG represents that it already has spent "several weeks" investigating the facts surrounding the *Primack* Plaintiffs' claims and researching the law to amend their complaint in response to Defendants' arguments for dismissal. (*See id.* at 6.) ECLG has fifteen attorneys, fifteen paralegals, and additional staff in its offices in Chicago, and it represents that it will devote sufficient manpower and financial resources to vigorously pursue this putative class action. (*Id.* at 9.)

█ ECLG argues that its sizeable presence in Chicago makes it better suited than Lieff Cabraser and Burke Law Offices to serve as class counsel in this matter. (*Id.*) Although Lieff Cabraser does not have a Chicago office and Mr. Burke maintains a much smaller office in Chicago than ECLG, their prosecution of the *Smith* and *Matejovich* actions to date and their experience litigating other TCPA class actions in this District demonstrate that they are sufficiently capable of fulfilling any obligations in this matter that require a local presence. The combination of Lieff Cabraser's overall resources combined with Mr. Burke's presence in Chicago further alleviates any concerns about their relatively small combined footprint in this District. The Court, therefore,

places little weight in this case on the comparative sizes of proposed counsel's staffs in Chicago in evaluating their ability to fairly and adequately represent the interests of the putative class.

Having found that all proposed counsel are "adequate under Rule 23(g)(1) and (4)," the Court must now decide which proposed counsel is "best able to represent the interests of the class." *See* Fed.R.Civ.P. 23(g)(2). In light of Lieff Cabraser's and Burke Law Offices' previous successes in TCPA and other consumer class actions, the vast resources at Lieff Cabraser's disposal, the work Lieff Cabraser and Burke Law Offices already have performed in this case, and their demonstrated ability to work cooperatively with additional counsel in these consolidated actions—all of whom, except ECLG, support their appointment as interim class counsel—the Court finds that Mr. Selbin of Lieff Cabraser, with Mr. Burke as interim liaison counsel, is "best able to represent the interests of the class." *See id.* The Court, therefore, appoints Mr. Selbin of Lieff Cabraser as interim lead counsel and Mr. Burke of Burke Law Offices as interim liaison counsel.

## II. The Factual and Legal Issues in this Matter Do Not Warrant the Appointment of ECLG as Additional Interim Lead Counsel

The *Primack* Plaintiffs argue that the Court should appoint their counsel, ECLG, as separate lead counsel to represent putative class members with claims against State Farm involving the "hot transfer" of calls to State Farm agents. (ECLG Resp. at 2–5.) According to the *Primack* Plaintiffs, these "hot transfer" claims are significantly stronger than the other claims of potential class members because Defendants likely will not challenge them on agency grounds and because, by focusing on only one insurance company, Plaintiffs can minimize the costs and duration of this litigation. (ECLG Resp. at 3–4, 9–10.) The *Primack* Plaintiffs argue that "[w]here, as here, separate groups with differing and some with significantly better claims than others exists [sic], separate counsel should be appointed." (*Id.* at 10 (citing

*Mirfasihi v. Fleet Mortg. Corp.*, 450 F.3d 745 (7th Cir.2006).)

The *Primack* Plaintiffs, however, have failed to demonstrate that claims against State Farm involving "hot transfers" sufficiently differ from the other TCPA claims at issue in this litigation to warrant separate representation. To begin, their assertion that "hot transfer" claims are significantly stronger than other claims is speculative, at best. Contrary to their argument that these claims likely will not face challenges on agency grounds, the *Primack* Plaintiffs already have faced challenges on agency grounds, even with respect to their claims involving "hot transferred" calls. All named Defendants in the *Primack* action, in fact, have moved to dismiss the claims in that suit for, among other reasons, failing to plead facts to establish an agency relationship in order to hold Defendants liable for the actions of the telemarketing firm at issue. (*See Smith* R. 79 at 4–5 ("Plaintiffs completely fail to allege how the Villacci Defendants are vicariously liable for the actions of Auto Insurance Placement Center. Plaintiffs do not attempt even a bare-bones recitation of any element of classical agency, apparent authority, or ratification."); R. 69 at 6–9 ("As in *Smith,* Plaintiffs here have failed to plead any facts that could, if proven, establish that State Farm or a State Farm Agent controlled the conduct of Variable Marketing.").) Regardless of whether Defendants ultimately succeed in dismissing the "hot transfer" claims, the pending motions to dismiss undermine the *Primack* Plaintiffs' argument that these claims warrant the appointment of separate counsel.

The claims asserted in the *Primack* action itself further undermine their argument that separate counsel is necessary. Only one of the two named plaintiffs in *Primack* asserts a claim involving a "hot transfer;" the other plaintiff asserts a robocalling claim, similar to the claims in *Matejovich.* (*See Primack* R. 33–1 ¶¶ 11–16, 21–23.) ECLG apparently did not have any concerns about its ability to prosecute both types of claims on behalf of its clients (and the putative class) when it initiated the *Primack* action.

The *Primack* Plaintiffs, moreover, have not demonstrated that potential class members have actual conflicting or antagonistic interests that may prevent appointed counsel from fairly and adequately representing the putative class as a whole. This case is not a one in which some class members' gains will result in other class members' losses. *Cf. Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 628, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) ("[F]or the currently injured, the critical goal is generous immediate payments. That goal tugs against the interest of exposure-only plaintiffs in ensuring an ample, inflation-protected fund for the future."); *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir.1993) (no adequate representation where the proposed class included class members who had benefitted from the city's health care plan and stood to lose those benefits if the class action succeeded). The *Primack* Plaintiffs argue that their "hot transfer" claims are "stronger" than the claims of other plaintiffs, but they fail to explain how this translates into conflicting or antagonistic interests among class members that would necessitate the appointment of separate counsel.

The only case on which the *Primack* Plaintiffs rely for this argument, *Mirfasihi v. Fleet Mortg. Corp.*, 450 F.3d 745 (7th Cir. 2006) ("*Mirfasihi II*"), is readily distinguishable. In *Mirfasihi II*, the plaintiffs brought a class action suit against Fleet Mortgage Corporation on behalf of approximately 1.6 million people whose mortgages Fleet Mortgage owned for allegedly selling their mortgage information to third-party telemarketing companies. The parties reached an initial settlement in 2004, which provided for two plaintiff classes: a "telemarketing class" of consumers who had purchased financial products that the telemarketing companies eventually pitched to them and an "information-sharing class" of consumers who had not purchased products from the telemarketing company and had brought claims based only on the unauthorized sharing of their private information. *See Mirfasihi v. Fleet Mortg. Corp.* 356 F.3d 781, 782 (7th Cir.2004) ("*Mirfasihi I*"). The district court approved the initial settlement, under which the telemarking class received millions of dollars in damages but the information-sharing class received nothing. *See id.* at 782–84. The Seventh Circuit reversed. *Id.* at 786. The Seventh Circuit found that the district court failed to carefully scrutinize the potential value of the information-sharing claims—for which they received nothing in the settlement. *Id.* According to the court, this failure was especially significant given that the information class did not have separate counsel representing it. *Id.*; *see also Mirfasihi II*, 450 F.3d at 747.

In *Mirfasihi I* and *II* the Seventh Circuit faced class action settlements that raised serious questions about whether class counsel had fairly and adequately represented the interests of the information-sharing class or if, on the other hand, counsel had "sold [the information-sharing class] down the river" to obtain a more favorable payout for the telemarketing class. *See Mirfasihi II*, 450 F.3d at 748. Under the terms of the settlement, 1.4 million out of 1.6 million class members received absolutely nothing in exchange for the release of their claims, even though at least one state statute may have allowed them to recover statutory damages of $25 each. As Judge Posner explained, "The idea that a rational fiduciary would surrender a claim worth [potentially] $35 million in exchange for the satisfaction of knowing that his wrongdoer had been forced to pay $243,000 to members of another class staggers the imagination." *Id.* at 783. Accordingly, the Seventh Circuit had actual evidence that the information-sharing class's representative and class counsel had not fulfilled their fiduciary duties.

In contrast, the *Primack* Plaintiffs have not identified any antagonistic or conflicting claims among potential class members—only speculation that some plaintiffs may have "stronger" claims than others—nor have they offered any evidence to suggest that appointed class counsel cannot fairly and adequately represent the interests of all the putative class as a whole. If, during the prosecution of this action, evidence of an actual conflict of interest among class members arises, the Court may reevaluate whether separate counsel is necessary to protect the conflicting

interests of potential class members. At this point, however, the *Primack* Plaintiffs have no such evidence.

Additionally, the Court rejects the *Primack* Plaintiffs' suggestion that the decision to assert claims against Defendants other than State Farm weighs in favor of appointing separate counsel for the claims brought solely against State Farm. The *Primack* Plaintiffs argue that "[t]he inclusion of these large groups of additional people in the *Matejovich Action* adds only questionable claims while assuredly significantly increasing the costs and during of the litigation as well as the efforts that will be required to litigate the matter." (ECLG Resp. at 4.) This argument again relies on speculation regarding the relative strength of various claims, rather than evidence of antagonistic or conflicting interests among potential class members. Furthermore, this argument rests on a difference of opinion in litigation strategy, rather than an actual conflict of interest among potential class members or their counsel.

Jonathan Selbin of Lieff Cabraser and Alexander H. Burke of Burke Law Offices have demonstrated that they can fairly and adequately represent the interests of potential class members as interim lead counsel and interim liaison counsel, respectively, and they have the support of all counsel for plaintiffs in this matter except ECLG. Because the *Primack* Plaintiffs have not shown that conflicting or antagonistic interests exists among potential class members and the factual and legal issues involved in this case do not justify appointing multiple lead counsel, the Court denies the *Primack* Plaintiffs' motion to appoint ECLG as co-lead counsel, especially given the increased expenses and potential risk of disagreements that may result from such an arrangement. *See, e.g., Salyers v. Boomer*, No. 10 C 7131, 2011 U.S. Dist. LEXIS 73238, at *6 (N.D.Ill. July 5, 2011) (declining to appoint co-lead plaintiffs with co-lead counsel because "[t]here is no reason to think that two heads would be better than one in this suit, whereas appointing two lead plaintiffs and two law firms as lead counsel would have created the potential for disagreements and inefficiencies"); *see also* MCL § 10.221 (noting that the aim of appointing lead counsel is to "achiev[e] efficiency and economy without jeopardizing fairness to the parties" and the number of appointed counsel "should not be so large as to defeat the purpose of making such appointments").

## CONCLUSION

For the reasons explained above, the Court appoints Jonathan Selbin of Lieff Cabraser as interim lead class counsel and Alexander H. Burke of Burke Law Offices as interim liaison class counsel. The Court denies the *Primack* Plaintiffs' request to appoint ECLG as additional interim lead counsel without prejudice. The Court notes that it will carefully scrutinize any proposed fee award in this action, and it will not hesitate to reject portions of the award attributable to unreasonable expenses, including excessive travel expenses, and duplication of work between Lieff Cabraser and Burke Law Offices.